PER CURIAM.
The Court on its own motion initiates this proceeding to adopt amendments to the Florida Rules of Criminal Procedure. We have jurisdiction. Art. V, § 2(a), Fla. Const.
Technical changes are needed to correct statutory references in Florida Rules of Criminal Procedure 3.702(d)(9) and 3.702(d)(10). An amendment to the list of “Reasons for Departure — Mitigating Circumstances” accompanying the sentencing guidelines seoresheets in rule 3.991 is needed to conform the list to a recent statutory change.
We hereby adopt the changes set forth in the attached appendix. Additions are indicated by underlining, deletions by struck-through type. These changes are effective immediately. Interested persons may file comments by April 24,1998.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, HARDING, WELLS, ANSTEAD and PARIENTE, JJ., concur.
APPENDIX
FLORIDA RULES OF CRIMINAL PROCEDURE
Rule 3.702. Sentencing Guidelines (1994). [No changes to subdivisions (a) „ through (d)(8)]
(d)(9) “Legal status violations” occur when a defendant, while under any of the forms of legal status listed in subsection 921.011(3) 921.0011(3), commits an offense that results in conviction. Legal status violations receive a score of 4 sentence points and are scored when the offense committed while under legal status is before the court for sentencing. Points for a legal status violation are to be assessed only once regardless of the existence of more than one form of legal status at the time an offense is committed or the number of offenses committed while under any form of legal status.
(10) “Release program violations” occur when the defendant is found to have violated a condition of a release program designated in subsection 92LQ14(6) 921,0011(6). Six points shall be assessed for each violation up to a maximum of 18 points in the case of multiple violations. Where there are multiple violations, points in excess of 6 may be assessed only for each successive violation that follows the reinstatement or modification of the release program and are not to be assessed for violation of several conditions of a single release program order.
[No changes to subdivisions (11) through (20)]
Rule 3.991.
[No changes to Rule 3.991(a), Sentencing Guidelines Scoresheet, and Rule 3.991(b), Supplemental Sentencing Guidelines Score-sheet]
If reasons cited for departure are not listed below, please write reasons on the reverse side.
Reasons for Departure — Aggravating Circumstances
[ ] Legitimate, uncoerced, plea bargain.
[ ] Offense was one of violence and was committed in a manner that was especially heinous, atrocious or cruel.
[ ] Offenses arose from separate episodes. Primary offense is at level 4 or higher and the defendant has committed 5 or more of *28 fenses within a 180 day period that have resulted in convictions.
[ ] Primary offense is scored at level 3 and the defendant has committed 8 or more offenses within a 180 day period that have resulted in convictions.
[ ] Offense was committed within 6 months of defendant’s discharge from a release program or state prison.
[ ] Defendant occupied leadership role in a criminal organization.
[ ] Offense committed by a public official under color of office.
[ ] Defendant knew victim was a law enforcement officer at the time of the offense; the offense was a violent offense; and that status is not an element of the primary offense.
[ ] Offense created substantial risk of death or great bodily harm to many persons or to one or more small children.
[ ] Victim especially vulnerable due to age or physical or mental disability.
[ ] Offense was motivated by prejudice based on race, color, ancestry, ethnicity, religion, sexual orientation, or national origin of the victim.
[ ] Victim suffered extraordinary physical or emotional trauma or permanent physical injury, or was treated with particular cruelty.
[ ] Victim was physically attacked by the defendant in the presence of one or more members of the victim’s family.
[ ] Offense resulted in substantial economic hardship to a victim and consisted of an illegal act or acts committed by means of concealment, guile, or fraud to obtain money or property, to avoid payment or loss of money or property, or to obtain business or professional advantage, when two or more of the following circumstances were present:
[ ] Offense involved multiple victims or multiple incidents per victim;
[ ] Offense involved a high degree of sophistication or planning or occurred over a lengthy period of time;
[ ] The defendant used position or status to facilitate the commission of the offense, in-eluding positions of trust, confidence, or fiduciary relationship; or
[ ] The defendant was in the past involved in other conduct similar to that involved in the current offense.
[ ] Offense committed in order to prevent or avoid arrest, to impede or prevent prosecution for the conduct underlying the arrest, or to effect an escape from custody.
[ ] Defendant is not amenable to rehabilitation or supervision, as evidenced by an escalating pattern of criminal conduct as described in s. 921.001(8).
[ ] Defendant induced a minor to participate in any of the offenses pending before the court for disposition.
[ ] Primary offense is scored at level 7 or higher and the defendant has been convicted of one or more offense that scored, or would have scored, at an offense 8 or higher.
[ ] Defendant has an extensive unscoreable juvenile record.
[ ] Effective for offenses committed on or after January 1,1997 — Defendant committed an offense involving sexual contact or sexual penetration and as a direct result of the offense, the victim contracted a sexually transmissible disease.
Reasons for Departure — Mitigating Circumstances
[ ] Legitimate, uncoereed plea bargain.
[ ] Defendant was an accomplice to the offense and was a relatively minor participant in the criminal conduct.
[ ] The capacity of the defendant to appreciate the criminal nature of the conduct or to conform that conduct to the requirement of law was substantially impaired.
[ ] Defendant requires specialized treatment for addiction-,- a mental disorder that is unrelated to substance abuse or addiction, or for a physical disability, and the defendant is amenable to treatment.
[ ] Effective only for offenses committed prior to July 1, 1997 — Defendant requires specialized treatment for addiction and is amenable to treatment.
*29 [ ] The need for payment of restitution to the victim outweighs the need for a prison sentence.
[ ] The victim was an initiator, willing participant, aggressor, or provoker of the incident.
[ ] The defendant acted under extreme duress or under the domination of another person.
[ ] Before the identity of the defendant was determined, the victim was substantially compensated.
[ ] Defendant cooperated with the State to resolve the current offense or any other offense.
[ ] The offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse.
[ ] At the time of the offense the defendant was too young to appreciate the consequences of the offense.
[ ] Defendant to be sentenced as a youthful offender.